UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____

| | |
|---|---|
| DANIEL ALVAREZ : | |
| : | No.: |
| v. : | |
| : | |
| OAK STREET HEALTH MSO LLC and : | JURY TRIAL DEMANDED |
| ADVANTAGE VALET PARKING INC. : | |

_____

CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This matter has federal jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. This Complaint has been filed within 90 days after issuance of Notices of Right to Sue by the EEOC which occurred on January 26, 2022.

PARTIES

2. Plaintiff Daniel Alvarez, is an adult individual who resides at 247 West Sedgley Avenue, Philadelphia, PA 19140.

3. Defendant, Oak Street Health MSO LLC (hereinafter "Oak Street"), is a limited liability company which is registered to conduct business in the Commonwealth of Pennsylvania with

offices located at 2301 North 29th St, Suite 500, Philadelphia, PA 19132.

4. Defendant, Advantage Valet Parking Inc. (hereinafter "Advantage"), is a corporation which is registered to conduct business in the Commonwealth of Pennsylvania with offices located at 181 S Northwest Hwy, Barrington, IL 60010.

4. At all times material hereto, each defendant employed at least 15 people.

FACTS

Plaintiff's Religious Beliefs

5. Plaintiff, who is bilingual, is fluent in the Spanish and English languages, and the native tongue of his country of origin-- Puerto Rico— is Spanish.

6. On or about September 10, 2019, plaintiff commenced employment with defendant Oak Street as a driver, and his duties included transporting defendant's patients from their homes to defendant's clinics and then back to their homes.

7. In about the late summer of 2020, defendant Advantage became plaintiff's joint employer as it took over his payroll.

8. Defendant Oak Street continued to be plaintiff's joint employer after defendant Advantage took over plaintiff's payroll in that his assignments were dispersed by defendant Oak Street, his performance was supervised by defendant Oak Street, and

defendant Oak Street continued to enforce its company policies upon plaintiff.

9. One of the important factors that led to plaintiff to be hired was that he was bilingual in both English and Spanish, because his work for defendants involved transporting Spanish-speaking patients.

10. The Welcome Coordinator at defendant Oak Street's clinic located on Aramingo Avenue (hereinafter "Aramingo clinic") was a female employee of defendant Oak Street of Hispanic national origin named Sonivette Erazo.

11. Ms. Perez is also bilingual but her primary and preferred language is Spanish, and she was also hired because many of the patients at defendant Oak Street's Aramingo clinic spoke Spanish.

12. Plaintiff and several other Hispanic employees of defendant Oak Street often spoke Spanish with Ms. Erazo to discuss business, and the supervisory staff and clinicians never informed them that they should not speak Spanish with each other at the workplace.

13. On or about December 23, 2020 at about 10:00 AM, plaintiff stepped inside the Aramingo clinic to determine if any patients needed transportation home.

14. As plaintiff approached Ms. Erazo's desk, a non-Hispanic Assistant Manager whom I later learned was named

Niyetta Lawson-Glenn (Divisional Operations Partner of defendant Oak Street), was within hearing distance.

15. Plaintiff initiated a work-related conversation in Spanish with Ms. Erazo and he asked her in Spanish if any patients needed a ride home.

16. Ms. Erazo replied in Spanish: "let me check . . . no we don't have anyone right now."

17. Ms. Lawson-Glenn then said in the direction of both plaintiff and Ms. Erazo: "I am offended that you both are speaking Spanish—I don't know if you are speaking about me!"

18. Both Ms. Erazo and plaintiff apologized and explained they were discussing business, but Ms. Lawson-Glenn reiterated: "Well, I am offended."

19. They both again apologized.

20. On December 23, 2020, about 1:00 PM, plaintiff was contacted by Howard Myers, male Transportation Manager for defendant Advantage, and Mr. Myers told plaintiff that he received word that Ms. Lawson-Glenn was very upset and offended that he had spoken Spanish in her presence and that he believed plaintiff's job was on the line, so he advised plaintiff to try to talk to her at the end of the workday.

21. Plaintiff informed Mr. Myers that she was upset merely because he spoke Spanish, and that she had an extreme over-the-top reaction to it.

22. Plaintiff's statements to Mr. Myers constituted a good faith complaint of discrimination, but defendant Advantage never took any action to follow-up or investigate plaintiff's complaint.

23. Plaintiff approached Ms. Lawson-Glenn at the end of the workday, as directed by Mr. Myers, and told her again: "I am sorry, and it would not happen again," but she then responded that she may have to report the incident.

24. On December 29, 2020 (after 5 days had passed), Ms. Lawson-Glenn purportedly wrote a false and misleading statement in an email addressed to Mr. Myers and her own supervisor setting forth a fabricated description of the events of December 23, 2020, in an apparent effort to protect her own job at the expense of plaintiff's job.

25. Ms. Lawson-Glenn falsely alleged, among other things, that she was dismissed and disrespected by plaintiff because when she approached him to discuss business in English, he waved her off and spoke loudly in Spanish to Ms. Erazo and thereafter later called her "Mamacita."

26. Ms. Lawson-Glenn knew that her false allegations would lead to plaintiff's termination, and she knew that she had the power to influence defendants to do so.

27. Defendants rubber-stamped Ms. Lawson-Glenn's allegations without double checking with the witnesses such as

plaintiff and Ms. Erazo and summarily decided to terminate plaintiff based upon her false statements.

28. On December 30, 2020, after arriving at the Aramingo Clinic with a patient, plaintiff met with Mr. Myers at which time he was advised that Celeste Tucker, female Supervisor of the Clinics for defendant Oak Street, decided to terminate plaintiff due to the complaint of Ms. Lawson-Glenn.

29. Defendant Oak Street's insistence that plaintiff be terminated was, by and through its high-level management employee Ms. Lawson-Glenn was motivated solely or in large part because plaintiff spoke Spanish on one occasion at the workplace in her presence.

30. Defendant Advantage complied with defendant Oak Street's illegal request to terminate plaintiff's employment despite that plaintiff informed them that he was targeted by Ms. Lawson-Glenn and defendant Advantage did not offer plaintiff a reassignment, so his employment with defendant Advantage ended that same day for the same reasons—because plaintiff spoke Spanish one time at the workplace.

36. Defendant Oak Street's proffered reason for plaintiff's termination was false and mere pretext to mask the discriminatory reason for plaintiff's termination.

37. The true reason why defendant Oak Street terminated plaintiff was because he spoke Spanish at the workplace.

38. Defendants each acted by and through their respected agents, who had authority to hire, fire, discipline, and terminate plaintiff.

### COUNT 1—NATIONAL ORIGIN DISCRIMINATION AGAINST DEFENDANT OAK STREET

39. Plaintiff repeats paragraphs 1-38 as if more fully set forth herein.

40. As a result of defendant Oak Street's unlawful discriminatory conduct plaintiff has suffered lost pay, lost bonuses, lost benefits, other financial losses.

41. As a result of defendant Oak Street's unlawful discriminatory conduct plaintiff has suffered compensatory damages for emotional pain and suffering.

42. Defendant Oak Street acted with malice by intentionally discriminating against plaintiff and thus is liable to plaintiff for punitive damages.

43. Plaintiff is entitled to recover reasonable attorney's fees and costs if he is successful at trial in this matter.

44. By and through its conduct, defendant Oak Street violated Title VII by intentionally discriminating against plaintiff and terminating his employment based upon his National Origin.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Count 2 against defendant Oak Street for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

### COUNT 2—NATIONAL ORIGIN DISCRIMINATION AGAINST DEFENDANT ADVANTAGE

45. Plaintiff repeats paragraphs 1-44 as if more fully set forth herein.

46. As a result of defendant Advantage's unlawful discriminatory conduct plaintiff has suffered lost pay, lost bonuses, lost benefits, other financial losses.

46. As a result of defendant Advantage's unlawful discriminatory conduct plaintiff has suffered compensatory damages for emotional pain and suffering.

47. Defendant Advantage acted with malice by intentionally discriminating against plaintiff and thus is liable to plaintiff for punitive damages.

48. Plaintiff is entitled to recover reasonable attorney's fees and costs if he is successful at trial in this matter.

49. By and through its conduct, defendant Advantage violated Title VII by intentionally discriminating against

plaintiff and terminating his employment based upon his National Origin.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Count 2 against defendant Advantage for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

### COUNT 3—QUID GENDER DISCRIMINATION AGAINST DEFENDANT OAK STREET

50. Plaintiff repeats paragraphs 1-49 as if more fully set forth herein.

51. As set forth herein above, defendant Oak Street's high level management employee, Ms. Lawson-Glenn, made a false claim of sexual harassment against plaintiff in a successful effort to have him terminated from employment.

52. Plaintiff was targeted by Ms. Lawson-Glenn on the false basis that he was a male employee who degraded her as a woman by calling her "Mamacita."

53. As said, defendant Oak Street merely rubber-stamped Ms. Lawson-Glenn's false allegations of gender discrimination committed by plaintiff, and, acting solely upon this motivation, recommended his termination from employment.

54. By and through its conduct, defendant Oak Street violated Title VII by intentionally discriminating against plaintiff and terminating his employment based upon his male gender.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Count 3 against defendant Oak Street for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

### COUNT 4—QUID GENDER DISCRIMINATION AGAINST DEFENDANT ADVANTAGE

55. Plaintiff repeats paragraphs 1-54 as if more fully set forth herein.

56. As set forth herein above, defendant Oak Street's high level management employee, Ms. Lawson-Glenn, made a false claim of sexual harassment against plaintiff in a successful effort to have him terminated from employment.

57. Plaintiff was targeted by Ms. Lawson-Glenn on the false basis that he was a male employee who degraded her as a woman by calling her "Mamacita."

58. As said, defendant Advantage merely rubber-stamped Ms. Lawson-Glenn's false allegations of gender discrimination committed by plaintiff, and, acting solely upon this motivation, recommended his termination from employment.

59. By and through its conduct, defendant Advantage violated Title VII by intentionally discriminating against plaintiff and terminating his employment based upon his male gender.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Count 4 against defendant Advantage for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion
_____
Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street, Ste. 1199
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com
Attorneys for Plaintiff